992 F.2d 183
 Mohamed Abdul Hafiz EL-TABECH, and all similarly situated
prisoners, Appellee/Cross-Appellant,
v.
Frank O. GUNTER, Director of NE Department of Correctional
Services; Harold W. Clarke, Individually and as Warden at
NE State Penitentiary; Mario Peart, Individually and in his
official capacity as Unit Administrator at NE State
Penitentiary; Donn Beaver, Individually and in his official
capacity as Manager of Housing Unit Two at NE State
Penitentiary; Scott Marshall, Individually and in his
official capacity as Acting Manager of Housing Unit Two at
NE State Penitentiary; Maximino Gonzales, Individually and
in his official capacity as Unit Counselor of Housing Unit
Two at NE State Penitentiary, Appellants/Cross-Appellees,
Victor LUNA, Appellee/Cross-Appellant,
v.
Harold W. CLARKE, Warden, NE State Prison; Mario Peart,
Unit Administrator, NE State Prison; Donn Beaver, Unit
Manager # 2, NE State Prison; Scott Marshall, Acting Unit
Manager # 2, NE State Prison, Appellants/Cross-Appellees,
Reginald PIERCE; Richard Duff; Al Wilson; Harold Crisp;
Laddie Dittrich; Gus Dawson; Victor Carter;
George Carter; Michael Kane; Ernest L.
Sims, Appellees/Cross-Appellants,
v.
Harold W. CLARKE; Gary Grammer; Frank O. Gunter; Mario
Peart, Appellants/Cross-Appellees,
Jerry JENSEN, on behalf of himself and all others similarly
situated, Appellee/Cross-Appellant,
v.
Frank O. GUNTER, individually and in his official capacity
as Director of the Nebraska Department of Correctional
Services; Harold W. Clarke, individually and in his
official capacity as Warden of the Nebraska State
Penitentiary; Mario Peart, individually and in his official
capacity as Unit Administrator of the Nebraska State
Penitentiary; Donn Beaver, individually and in his official
capacity as Manager of Housing Unit Two of the Nebraska
State Penitentiary; Scott Marshall, individually and in his
official capacity as Acting Manager of Housing Unit Two at
the Nebraska State Penitentiary; Maximino Gonzales,
individually and in his official capacity as Unit Counselor
of Housing Unit Two at the Nebraska State Penitentiary,
Appellants/Cross-Appellees.
 Nos. 92-3390, 93-1234.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1993.
Decided April 30, 1993.
 
 Terri Marie Weeks, Lincoln, NE, argued (Don Stenberg and Terri M. Weeks, on the brief), for appellants/cross-appellees.
 Gregory D. Barton, Lincoln, NE, argued (Gregory D. Barton, Barry L. Hemmerling and Robert W. Shively, Jr., Lincoln, NE, and Scott D. Freese, Norfolk, NE, on the brief), for appellees/cross-appellants.
 Before WOLLMAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and STOHR,* District Judge.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 This is a class action against prison administrators brought under 42 U.S.C. § 1983, seeking declaratory relief, injunctive relief, and damages. After an 18-day trial, a magistrate judge recommended that judgment be entered in favor of plaintiffs on their primary claim for injunctive relief and that defendants be granted qualified immunity from plaintiffs' claim for damages. The district court adopted the magistrate judge's recommendations in their entirety and entered judgment on plaintiffs' prayer for an injunction. 807 F.Supp. 1463. It also directed defendants to submit, within 90 days after entry of judgment, a remedial plan to correct the ongoing constitutional deficiencies that it identified. Defendants took this appeal before the 90 days had expired and before they submitted a plan.
 
 
 2
 Plaintiffs have moved to dismiss the appeal as premature. They argue that we have no jurisdiction because the district court entered no final order, see 28 U.S.C. § 1291, and ordered no injunctive relief, see 28 U.S.C. § 1292(a)(1). The district court did file a paper labeled "Judgment" and another labeled "Memorandum Opinion and Order"; and the latter stated, in pertinent part, that judgment was entered in favor of plaintiffs "as to their claim for injunctive relief premised on the failure of the Defendants ... to safeguard the Plaintiffs from the threat of violent attacks by a cellmate." That is the full extent of the relief granted.
 
 
 3
 We agree with plaintiffs that we have no jurisdiction to consider this case. No label can confer finality on an order that is not final in a functionally real sense, and the posture of this case is such that it is clear that none of the papers filed in it is a final order. The actual scope of the relief is yet to be defined. The plan to be submitted will be incorporated into an injunction, and it is that injunction that will become a final order for appeal purposes. It is not simply that the nature of the relief remains to be refined. It simply has no cognizable shape at the moment. See Groseclose v. Dutton, 788 F.2d 356 (8th Cir.1986).
 
 
 4
 Nor can we say that the court has entered an injunction in this case. 28 U.S.C. § 1292(a)(1) is construed strictly, in keeping with the federal policy against piecemeal review. See Hendrickson v. Griggs, 856 F.2d 1041, 1044 (8th Cir.1988). What the district court has said is that it has entered judgment on plaintiffs' claim for injunctive relief. As a technical matter, this may be no more than a statement that plaintiffs are entitled to an injunction, not a statement that one is granted. Supposing, for the sake of argument, that the statement was intended as an injunction, or that we should so construe it, what would be its meaning? It does not command the defendants to do anything in particular, and, even if it could plausibly be construed to do so, the fact that the court asked for a plan of implementation is a positive indication that it was merely indicating an intention to issue an injunction in the future. We doubt, for instance, that the present state of the record presents a shape sufficient to support a finding against the defendants if the plaintiffs were to assert that they were in contempt of the court's order. If that is so, we find it impossible to say that an injunction has been entered. We conclude, therefore, that we are without jurisdiction.
 
 
 5
 The appeal is therefore dismissed.
 
 
 
 *
 The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri, sitting by designation